IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUAN J. FLORES,
#N90266,

Plaintiff,

vs.

NICHOLAS LAMB,
M. WEAVER,
MR. TANNER,
MR. BROOKS,
LT. OCHS,
and MS. HOPPER,

Defendants.                                    Case No. 18-cv-523-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Juan Flores, an inmate who is currently incarcerated at Lincoln Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 against officials at Lawrence Correctional Center ("Lawrence"). In the Complaint, Plaintiff alleges that prison officials ignored his medical permit for a lower gallery and low bunk assignment on February 11, 2017, when a plumbing problem at the prison necessitated a "mass move" of inmates from the lower galleries to the upper galleries. (Doc. 1, pp. 6-10). Following the move, Plaintiff fell down the stairs and injured himself. *Id*. He now sues those prison officials who refused to honor his permit when moving him to a new cell. *Id*. Plaintiff seeks monetary damages and injunctive relief. (Doc. 1, p. 10).

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.

## The Complaint

According to the allegations in the Complaint, Plaintiff was housed in a lower gallery at Lawrence (Cell 7-B-Lower-20) on February 11, 2017, when a plumbing problem necessitated the "mass move" of inmates to cells in the upper galleries. (Doc. 1, pp. 6-7). At the time, Plaintiff was in possession of a medical permit for a lower gallery and low bunk. *Id*. The prison's physician, Doctor Coe,

issued the permit for an indefinite term on July 18, 2016. *Id*. The defendants were aware of the permit when they made the decision to move Plaintiff to an upper gallery (Cell 6-A-Upper-16). *Id*.

Inmates were allegedly moved to highly undesirable locations. (Doc. 1, p. 9). They were placed in cells with prisoners who were deemed to be mentally ill, predatory, or unsanitary. *Id*. Plaintiff does not describe his own living arrangements, cell assignment, or conditions after the move. *Id*. However, he says that the staff had a widespread practice of "turning a blind eye" to these living arrangements, regardless of the safety hazards they posed to inmates. *Id*.

On February 13, 2017, Plaintiff fell down the stairs while attempting to use the phone. (Doc. 1, p. 7). C/O Johnson[1] witnessed the fall, as did several inmates. *Id*. Plaintiff sustained injuries to his back and hip that resulted in a loss of mobility. *Id*. He now requires an assistive device. *Id*. He also suffers from pain that necessitates his use of medication on a daily basis. *Id*. Plaintiff does not assert a claim for the denial of medical care arising from his fall. (Doc. 1).

He instead brings this suit against those prison officials who were responsible for moving him to an upper gallery, in violation of his medical permit. (Doc. 1, pp. 1-3). This includes C/O Weaver and C/O Hopper, the two placement officers who were responsible for classifying inmates and making housing decisions on February 11, 2017. *Id*. He also names C/O Tanner and C/O Brooks,

---

[1] This individual is not named as a defendant, and Plaintiff asserts no claims against him or her.

two wing officers who coordinated the transfer of inmates from the lower galleries to the upper galleries on February 11, 2017. (Doc. 1, p. 7). Plaintiff informed both wing officers about his medical permit before the move, and they promised to transfer him to a cell in the lower gallery once the plumbing problem was addressed. *Id*. Plaintiff also names two supervisory officials, Zone Lieutenant Ochs and Warden Lamb, both of whom were allegedly aware of his medical permit on February 11, 2017. (Doc. 1, p. 8).

Plaintiff asserts claims against the defendants under the Eighth Amendment. (Doc. 1, pp. 6-9). He seeks monetary damages against them. (Doc. 1, p. 10). He also seeks an injunction prohibiting Lawrence officials from interfering with his ability to exhaust his administrative remedies by mishandling his grievances and prohibiting prison officials from placing inmates with a lower gallery and low bunk permit in upper galleries or upper bunks.[2] (Doc. 1, p. 9).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and

---

[2] Plaintiff's request for permanent injunctive relief appears to be moot. He is no longer housed at Lawrence. He transferred to Lincoln Correctional Center before filing this action. Further, Plaintiff does not indicate that he anticipates returning to Lawrence. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Lawrence under the conditions described in the Complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009)).

10(b), the Court deems it appropriate to re-characterize the claims in the Complaint into the following enumerated counts:

> **Count 1** - Eighth Amendment deliberate indifference claim against Defendants for ignoring Plaintiff's permit for a lower gallery and low bunk on February 11, 2017, which resulted in his fall down a set of stairs at the prison and injuries to his back and hip two days later.
>
> **Count 2** - Claim against Defendants under the Americans with Disabilities Act ("ADA") and/or Rehabilitation Act for failing to accommodate Plaintiff's disability on February 11, 2017, when they moved him to an upper gallery in violation of his medical permit.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claims not identified above but encompassed by the allegations in the Complaint are considered dismissed without prejudice from this action.**

### Count 1

The Eighth Amendment prohibits the cruel and unusual punishment of prisoners. U.S. CONST., amend VIII. It protects prisoners from conditions of confinement that pose a substantial risk of serious harm to their health or safety. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs such as food, medical care, sanitation, and physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981); *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

5

All Eighth Amendment claims consist of an objective and a subjective element. *Wilson v. Seiter*, 501 U.S. 294, 302-04 (1991); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). The objective element focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth*, 95 F.2d 21, 22 (7th Cir. 1992). It examines whether the conditions of confinement exceed contemporary bounds of decency of a mature civilized society. *Id*. To support a claim, the condition must result in an unquestioned and serious deprivation of basic human needs. *Rhodes*, 452 U.S. at 347; *Jamison-Bey v. Thieret*, 867 F.2d 1046-48 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). The subjective element focuses on the state of mind of the defendant and requires a showing that the defendant acted with deliberate indifference, *i.e.*, that he or she acted or failed to act despite having knowledge of a substantial risk of serious harm to the inmate. *Farmer v. Brennan*, 511 U.S. 834, 842 (1994).

The Court lacks enough information to determine whether Plaintiff suffered from a sufficiently serious deprivation to support a claim for unconstitutional conditions of confinement. Plaintiff does not describe his living conditions after February 11, 2017, beyond stating that he was moved to an upper gallery due to a plumbing problem at the prison. (Doc. 1, pp. 6-9). He does not indicate how long he remained there, and his temporary move does not necessarily support an Eighth Amendment claim. *See Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir. 1994) (a temporary discomfort affecting only a few inmates hardly violates

6

common notions of decency) (citing *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988)). Without any indication of where Plaintiff was ultimately placed, which bunk he was assigned, or how long he remained housed in an upper gallery, the Court cannot conclude that the conditions posed a danger of constitutional magnitude. *Id*.

In the medical context, the objective component requires the plaintiff to demonstrate that he suffered from a sufficiently serious medical condition. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A serious medical condition is one that is "diagnosed by a physician as requiring treatment, or [is] . . . so obvious a layperson would easily recognize the necessity for medical attention." *Id*. at 1372-73. In other words, a serious medical condition does not encompass every ache, pain, or medically recognized condition that involves discomfort. *Gutierrez*, 111 F.3d at 1372.

The allegations in the Complaint also do not satisfy the objective component of a medical claim. Plaintiff does not identify the medical condition that necessitated his medical permit. (Doc. 1, pp. 13-22). The exhibits do not include a copy of the permit or describe the underlying condition at all. (Doc. 1, pp. 6-9). Without any information about Plaintiff's medical condition, the Court cannot determine whether it was sufficiently serious to support an Eighth Amendment claim. Whether viewed as a claim based on unconstitutional conditions of confinement or the denial of medical care, the objective component of this claim is not satisfied by the allegations in the Complaint.

The subjective component of the claim cannot be evaluated. Absent any information regarding the nature of Plaintiff's underlying medical condition or the conditions he actually faced, the Court is unable to determine whether each defendant's response amounted to deliberate indifference. Because neither element of this claim is satisfied, Count 1 shall be dismissed without prejudice against all of the defendants. Plaintiff may re-plead this claim in an amended complaint in this case or in a separate action.

**Count 2**

The Complaint supports no claim against the defendants under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, or the Rehabilitation Act, 29 U.S.C. §§ 794-94e. Title II of the ADA provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The Rehabilitation Act prohibits discrimination by entities receiving federal funding (such as state prisons) against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. Discrimination under both includes the failure to accommodate a disability. *Jaros v. Illinois Dep't of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012).

The Court finds no basis for a claim under the ADA or Rehabilitation Act. Plaintiff has not alleged that he is a qualified individual with a disability or that he was subject to discrimination at the prison. Further, he has not named the

proper defendant in connection with an ADA or Rehabilitation Act claim. The proper defendant is the relevant state department or agency, such as the Illinois Department of Corrections ("IDOC") or its director, acting in his or her official capacity. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his or her official capacity)). Given this, Count 2 shall be dismissed with prejudice against the individual defendants. However, Plaintiff may re-plead this claim against the IDOC or the IDOC Director (in his or her official capacity) in an amended complaint in this action or by bringing a separate action to address this claim.

## Pending Motion

Plaintiff's Motion to Appoint Counsel (Doc. 3) is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—

9

exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff has not cleared the first hurdle. He filed an incomplete motion in support of his request. (Doc. 3). In it, he discloses no efforts to secure an attorney on his own before seeking the Court's assistance. (Doc. 3, p. 1). When prompted to do so, he left the section blank. *Id*. Further, beyond a limited education, he disclosed no other impediments to proceeding with his case *pro se*, such as emotional, intellectual, physical, language, or other barriers. (Doc. 3, pp. 1-2). Finally, he has not demonstrated the need for counsel at this time. Plaintiff has clearly articulated his claims and demonstrated an ability to prepare pleadings and communicate in writing. Given these considerations, Plaintiff's request for counsel is denied. However, the denial is without prejudice, and the Court remains open to recruiting counsel on Plaintiff's behalf as the case proceeds, if he is unable to do so on his own and demonstrates the need for counsel.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint, including **COUNTS 1** and **2**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against Defendants **LAMB, WEAVER, TANNER, BROOKS, OCHS,** and **HOPPER** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** with prejudice against Defendants **LAMB, WEAVER, TANNER, BROOKS, OCHS,** and **HOPPER**, in their individual capacities, for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" in this case **on or before 28 days from the date this Order issues.** Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal of this action will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" will be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number (Case No. 18-cv-523-DRH) on the first page.

To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form, as well as a form motion for recruitment of counsel.

In the amended complaint, Plaintiff must describe the actions taken by each defendant that resulted in the deprivation of his federal, constitutional, and/or statutory rights. He should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits or including any other unrelated claims in his amended complaint. He must include a request for relief, which typically includes money damages, injunctive relief, or both. *See* FED. R. CIV. P. 8(a)(3). Claims found to be unrelated will be further severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

Plaintiff is **ADVISED** that *this* dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original Complaint, rendering the original void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended

Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.04.24
14:54:57 -05'00'
United States District Judge

13