IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUAN J. FLORES, #N90266,

    Plaintiff,

vs.

NICHOLAS LAMB, M. WEAVER,
MR. TANNER, MR. BROOKS,
LT. OCHS, and MS. HOPPER,

    Defendants.                      Case No. 18-cv-523-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is now before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Juan Flores. (Doc. 10). Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against several officials at Lawrence Correctional Center ("Lawrence") who ignored his physical limitations and related medical permit on February 11, 2017. (Doc. 10, pp. 7-12). Plaintiff was injured after being assigned to a housing unit that he could not safely access and a job that he could not physically perform. He seeks monetary damages. *Id*.

The First Amended Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant

1

who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations in a *pro se* complaint must be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**First Amended Complaint**

Plaintiff allegedly suffers from mobility issues associated with an old gunshot wound in his leg. (Doc. 10, p. 14). He uses a cane to walk. (Doc. 10, pp. 7-11). He also has a medical permit for a low gallery and bunk assignment.[1] *Id.*

Prison officials disregarded Plaintiff's medical permit and physical limitations when assigning him a job and housing in 2017. (Doc. 10, pp. 7-11). Officers Weaver and Hopper assigned Plaintiff the job of breakfast porter, which entails heavy lifting and use of stairs to deliver food and drinks. (Doc. 10, p. 8). Warden Lamb approved this decision. *Id.* When Plaintiff complained, he was ticketed for disobeying a direct order. (Doc. 10, p. 14). Plaintiff admitted to the rule violation at a disciplinary hearing, and the chairman[2] recommended a new job assignment in lieu of punishment. *Id.*

When prison plumbing problems necessitated a mass move of inmates on February 11, 2017, Weaver and Hopper decided to transfer Plaintiff to an upper gallery, despite the availability of housing in lower galleries. (Doc. 10, p. 7). Officers Tanner, Brooks, Ochs, and Johnson ignored Plaintiff's objections to this decision. (Doc. 10, pp. 7, 10). Following his transfer, Plaintiff encountered conditions he could not physically manage, including aggressive and even

---

[1] Doctor Coe issued the permit in 2016, but the doctor is not a defendant in this action.
[2] Officers McKnight, Adam B., and Simms were involved in this disciplinary decision but are not named as defendants.

2

intoxicated inmates who pushed their way through the gallery to use the phones, shower, yard, chow hall, and dayroom. (Doc. 10, pp. 9-10). Plaintiff fell and injured his back and hip three days later. *Id.* He was treated overnight in the infirmary before being moved to a lower gallery. (Doc. 10, p. 11).

Plaintiff describes the job and housing decisions as "calculated act[s]" taken against Plaintiff for filing grievances. *Id*. He brings a First and Eighth Amendment claim against the defendants. *Id*.

## Discussion

In accordance with Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to re-characterize the claims, as follows:

**Count 1** - Eighth Amendment deliberate indifference claim against Defendants for ignoring Plaintiff's permit for a lower gallery and low bunk when assigning him a job that he could not safely perform and housing he could not safely use in 2017.

**Count 2** - Americans with Disabilities Act ("ADA") and/or Rehabilitation Act claim against Defendants for failing to accommodate Plaintiff's disability when assigning him a job that he could not safely perform and housing he could not safely use in 2017.

**Count 3** - First Amendment retaliation claim against Defendants Weaver and Hopper for placing Plaintiff in an upper gallery because he filed grievances about housing and safety issues.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claims not identified above but encompassed by the allegations are considered dismissed without prejudice.**

**Count 1**

The Eighth Amendment protects prisoners from conditions of confinement that pose a substantial risk of serious harm to their health or safety. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). All Eighth Amendment claims have an objective and a subjective element. *Wilson v. Seiter*, 501 U.S. 294, 302-04 (1991); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). To satisfy the objective element, a plaintiff must demonstrate that the complained of condition resulted in an unquestioned and serious deprivation of basic human needs. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective element requires a plaintiff to show that each defendant acted with deliberate indifference, which occurs when a defendant knows of but ignores a substantial risk of harm to an inmate. *Farmer v. Brennan*, 511 U.S. 834, 842 (1994).

No claim arises from Plaintiff's job assignment as a kitchen porter. According to his own allegations, Plaintiff never undertook any tasks associated with this job. He refused to accept the assignment. His injury did not occur in connection with his job. The related disciplinary ticket resulted in no actual punishment. Plaintiff was simply given a different job. However, a job is neither a basic human need nor a constitutionally protected right in the prison context. *Garza v. Miller*, 688 F.2d 480, 485-86 (7th Cir. 1982), *cert. denied* 459 U.S. 1150 (1983). Plaintiff's job assignment supports no Eighth Amendment claim.

However, a constitutional claim arises from his transfer to the upper gallery. Although Plaintiff remained there for only three days, the Court cannot

4

characterize the conditions he encountered there as only temporary discomforts—at least for now. *Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir. 1994) (a temporary discomfort affecting only a few inmates hardly violates common notions of decency). It appears that Plaintiff was transferred from the upper gallery only after he sustained injuries from a fall that required treatment. He may have endured the conditions much longer, had he not required treatment in the infirmary for his injuries. The housing portion of this claim shall receive further review against those defendants who were responsible for placing Plaintiff in the upper gallery in direct violation of his medical permit and obvious physical limitations, including Weaver, Hopper, Lamb, Tanner, Brooks, Ochs, and Johnson. (Doc. 10, pp. 7, 10). However, John Doe 1 and John Doe 2 are not mentioned in the statement of claim and shall be dismissed.

**Count 2**

Plaintiff abandoned his claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and/or Rehabilitation Act, 29 U.S.C. §§ 794-94e. He did not mention the ADA or Rehabilitation Act, name the proper defendants, or set forth sufficient allegations in support of this claim in the First Amended Complaint. Count 2 remains dismissed without prejudice.

**Count 3**

The allegations do not support a First Amendment retaliation claim against Weaver or Hopper. To state a claim, a plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that

5

would likely deter First Amendment activity in the future; and (3) a causal connection exists between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010) (citation omitted). The allegations do not articulate a plausible retaliation claim under *Twombly*. Plaintiff merely characterizes the decisions of Weaver and Hopper as a "calculated act" taken in response to his complaints about housing and safety. (Doc. 10, p. 11). The exhibits also contradict this assertion by revealing that Plaintiff filed grievances *after* these decisions were made. (Doc. 10, pp. 16-20). Count 3 shall be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening and is subject to further review against Defendants **LAMB, WEAVER, HOPPER, TANNER, BROOKS, OCHS,** and **JOHNSON**.

**IT IS ORDERED** that **COUNTS 2** and **3** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **JOHN DOE 1** and **JOHN DOE 2** are **DISMISSED** without prejudice because the First Amended Complaint fails to state a claim for relief against them.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendants **LAMB, WEAVER, HOPPER, TANNER, BROOKS, OCHS,** and **JOHNSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 10), and this Memorandum and

6

Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file a responsive pleading to the Amended Complaint and shall not waive filing a reply under 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of

7

the costs, despite the fact that his application to proceed *in forma pauperis* was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.09.13
06:43:46 -05'00'

United States District Judge